1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone:  (213) 430-3400
12  Facsimile:  (213) 430-3409
    michael.zellers@tuckerellis.com
13
14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18              SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA          )  MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:08-cv-0947-CRB
    _____)
    This document relates to           )
21                                      )  **PFIZER INC., PHARMACIA
    CATHY BYRD,                        )  CORPORATION, AND G.D.
22                                      )  SEARLE, LLC'S ANSWER TO
              Plaintiff,               )  COMPLAINT**
23                                      )
         vs.                           )  **JURY DEMAND ENDORSED
24                                      )  HEREIN**
    PFIZER, INC., PHARMACIA CORPORATION,)
25  and G.D. SEARLE LLC,               )
                                        )
26            Defendants.              )
                                        )
27  _____)

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3  ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint

4  ("Complaint"), and would respectfully show the Court as follows:

5                                    **I.**

6                        **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8  Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

9  Defendants may seek leave to amend this Answer when discovery reveals the specific time

10  periods in which Plaintiff was prescribed and used Bextra®.

11                                   **II.**

12                                 **ANSWER**

13              **Response to Allegations Regarding Parties**

14  1.    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

15  deny that Plaintiff is entitled to any relief or damages.  Defendants admit that, during certain

16  periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

17  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18  accordance with their approval by the FDA.  Defendants admit that, during certain periods of

19  time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

20  co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

21  providers who are by law authorized to prescribe drugs in accordance with their approval by the

22  FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

27  and deny the remaining allegations in this paragraph of the Complaint.

28  2.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

4.    Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

5.    Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

6.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including California, to be prescribed

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this Paragraph of the Complaint.

7.      Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining the allegations in this paragraph of the Complaint.

8.      Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this Paragraph of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny committing a tort in the State of Arkansas or the State of California and deny the remaining allegations in this paragraph of the Complaint.

11.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States, including California and Arkansas, to be

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

2   with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra®

3   was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

4   and distributed Bextra® in the United States to be prescribed by healthcare providers who are

5   by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

6   admit that they provided FDA-approved prescribing information regarding Bextra®.

7   Defendants admit that they do business in the States of Arkansas and California. Defendants

8   state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.

9   Defendants are without knowledge or information to form a belief as to the truth of such

10  allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the

11  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Response to Allegations Regarding Interdistrict Assignment

12  Defendants state that this paragraph of the Complaint contains legal contentions to

13  which no response is required. To the extent that a response is deemed required, Defendants

14  admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

15  and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

16  Panel on Multidistrict Litigation on September 6, 2005.

### Response to Factual Allegations

18

19  13.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

20  steroidal anti-inflammatory drugs ("NSAIDS"). Defendants state that Bextra® was and is safe

21  and effective when used in accordance with its FDA-approved prescribing information.

22  Defendants state that the potential effects of Bextra® were and are adequately described in its

23  FDA-approved prescribing information, which was at all times adequate and comported with

24  applicable standards of care and law. Defendants deny the remaining allegations in this

25  paragraph of the Complaint.

26  14.    The allegations in this paragraph of the Complaint are not directed toward Defendants

27  and, therefore, no response is required. To the extent a response is deemed required,

28  Defendants state that Plaintiff fails to provide the proper context for the allegations in this

1   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

2   form a belief as to the truth of such allegations and, therefore, deny the same.

3   15.    The allegations in this paragraph of the Complaint are not directed toward Defendants

4   and, therefore, no response is required.    To the extent a response is deemed required,

5   Defendants state that Plaintiff fails to provide the proper context for the allegations in this

6   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

7   form a belief as to the truth of such allegations and, therefore, deny the same.

8   16.    The allegations in this paragraph of the Complaint regarding "other pharmaceutical

9   companies" are not directed toward Defendants and, therefore, no response is required.  To the

10  extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper

11  context for such allegations.  Defendants therefore lack sufficient information or knowledge to

12  form a belief as to the truth of such allegations and, therefore, deny the same.  Plaintiff fails to

13  provide the proper context for the remaining allegations in this paragraph of the Complaint.

14  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

15  such allegations and, therefore, deny the same.

16  17.    The allegations in this paragraph of the Complaint are not directed toward Defendants

17  and, therefore, no response is required.    To the extent a response is deemed required,

18  Defendants state that Plaintiff fails to provide the proper context for such allegations.

19  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

20  such allegations and, therefore, deny the same.

21  18.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

22  Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth

23  of such allegations and, therefore, deny the same.

24  19.    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are

25  vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

26  the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful

27  conduct and deny the remaining allegations in this paragraph of the Complaint.

28  20.    Plaintiff does not allege having used Celebrex® in this Complaint.    Nevertheless,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants admit that Celebrex® was launched in the United States in February 1999. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

21.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

22.     Defendants admit that Bextra® was approved by the FDA on November 16, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining

1    allegations in this paragraph of the Complaint.

2    23.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

3    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

4    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

5    the remaining allegations in this paragraph of the Complaint.

6    24.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

7    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

8    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

9    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

10   prescribing information.  Defendants state that the potential effects of Bextra® were and are

11   adequately described in its FDA-approved prescribing information, which at all times was

12   adequate and comported with applicable standards of care and law.  Defendants deny the

13   remaining allegations in this paragraph of the Complaint.

14   25.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which at all times was adequate and comported with applicable standards of care and law.

18   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

19   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

20   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

21   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

22   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

23   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

24   with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding

25   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

26   information to form a belief as to the truth of such allegations, and, therefore, deny the same.

27   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28   the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

26.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November 16, 2001.   Defendants  deny  any  wrongful  conduct  and  the  remaining  allegations  in  this paragraph of the Complaint.

29.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

30.     Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to characterize the Talk Paper is denied.   Defendants deny the remaining allegations in this paragraph of the Complaint.

31.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.     Plaintiff fails to provide the proper context for the allegations concerning the "post-drug approval meta-analysis study" in this paragraph of the Complaint.   Defendants are without

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   sufficient information to confirm or deny such allegations and, therefore, deny the same.

2   Defendants state that the referenced study speaks for itself and respectfully refer the Court to

3   the study for its actual language and text.  Any attempt to characterize the study is denied.

4   Defendants deny the remaining allegations in this paragraph of the Complaint.

5   33.     The allegations in this paragraph of the Complaint are not directed towards Defendants

6   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

7   state that the referenced article speaks for itself and respectfully refer the Court to the article for

8   its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

9   the remaining allegations in this paragraph of the Complaint.

10  34.     The allegations in this paragraph of the Complaint are not directed towards Defendants

11  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

12  admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

13  Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the

14  referenced testimony speaks for itself and respectfully refer the Court to the testimony for its

15  actual language and text.  Any attempt to characterize the testimony is denied.  Defendants

16  deny the remaining allegations in this paragraph of the Complaint.

17  35.     Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

19  deny the remaining allegations in this paragraph of the Complaint.

20  36.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

21  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

22  and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

23  Defendants deny the remaining allegations in this paragraph of the Complaint.

24  37.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

25  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

26  and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

27  Defendants deny the remaining allegations in this paragraph of the Complaint.

28  38.     Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  with its FDA-approved prescribing information.  Defendants deny the allegations in this

2  paragraph of the Complaint.

3  39.    Defendants state that the referenced article speaks for itself and respectfully refer the

4  Court to the article for its actual language and text.  Any attempt to characterize the article is

5  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

6  paragraph of the Complaint.

7  40.    The allegations in this paragraph of the Complaint are not directed towards Defendants

8  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

9  state that the referenced article speaks for itself and respectfully refer the Court to the article for

10  its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

11  the remaining allegations in this paragraph of the Complaint.

12  41.    Defendants state that Bextra® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Bextra® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny the allegations in this paragraph of the Complaint.

17  42.    Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

22  allegations in this paragraph of the Complaint.

23  43.    Defendants state that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28  the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    44.    Defendants deny the allegations in this paragraph of the Complaint.

2    45.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

3    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

4    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

6    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

7    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

8    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

9    effective when used in accordance with its FDA-approved prescribing information.  Defendants

10    state that the potential effects of Bextra® were and are adequately described in its FDA-

11    approved prescribing information, which was at all times adequate and comported with

12    applicable standards of care and law.  Defendants are without knowledge or information

13    sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used

14    Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

15    allegations in this paragraph of the Complaint.

16    46.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

17    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

18    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

19    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

20    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

21    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

22    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

23    effective when used in accordance with its FDA-approved prescribing information.  Defendants

24    state that the potential effects of Bextra® were and are adequately described in its FDA-

25    approved prescribing information, which was at all times adequate and comported with

26    applicable standards of care and law.  Defendants deny the remaining allegations in this

27    paragraph of the Complaint.

28    47.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

2  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

3  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

4  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

5  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

6  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

7  effective when used in accordance with its FDA-approved prescribing information.  Defendants

8  state that the potential effects of Bextra® were and are adequately described in its FDA-

9  approved prescribing information, which was at all times adequate and comported with

10  applicable standards of care and law.  Defendants admit, as indicated in the package insert

11  approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

12  of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

13  dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

14  48.    Defendants state that Bextra® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Bextra® were and are adequately described in its FDA-approved prescribing information,

17  which at all times was adequate and comported with applicable standards of care and law.

18  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

19  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

20  such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

21  that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

22  49.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

23  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

24  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

25  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

26  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

27  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

28  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

50.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

51.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

53.    Defendants deny the allegations in this paragraph of the Complaint.

54.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

55.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

56. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

57. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

58. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

59. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

2    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

3    accordance with their approval by the FDA. Defendants deny the remaining allegations in this

4    paragraph of the Complaint.

5    60.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

7    by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

8    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

9    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

10   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

11   accordance with their approval by the FDA. Defendants admit, as indicated in the package

12   insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

13   symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

14   primary dysmenorrhea. Defendants deny any wrongful conduct and deny the remaining

15   allegations in this paragraph of the Complaint.

16   61.    Defendants state that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information. Defendants state that the potential effects of

18   Bextra® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants are without knowledge or information sufficient to form a belief as to the truth of

21   the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same.

22   Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

23   caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

24   Complaint.

25   62.    Defendants state that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information. Defendants state that the potential effects of

27   Bextra® were and are adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   Defendants are without knowledge or information sufficient to form a belief as to the truth of
2   the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same.
3   Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and
4   ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of
5   such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny
6   that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the
7   remaining allegations in this paragraph of the Complaint.

8   63.    Defendants are without knowledge or information sufficient to form a belief as to the
9   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.
10  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  64.    Defendants are without knowledge or information sufficient to form a belief as to the
12  truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used
13  Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and
14  effective when used in accordance with its FDA-approved prescribing information.  Defendants
15  deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this
16  paragraph of the Complaint.

17  65.    Defendants are without knowledge or information sufficient to form a belief as to the
18  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.
19  Defendants deny the remaining allegations in this paragraph of the Complaint.

20  66.    Defendants are without knowledge or information sufficient to form a belief as to the
21  truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used
22  Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and
23  effective when used in accordance with its FDA-approved prescribing information.  Defendants
24  deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this
25  paragraph of the Complaint.

26  67.    Defendants are without knowledge or information sufficient to form a belief as to the
27  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.
28  Defendants state that Bextra® was and is safe and effective when used in accordance with its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

FDA-approved prescribing information.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

68.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

70.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to First Cause of Action: Negligence

71.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

72.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

73.     Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   with its FDA-approved prescribing information.  Defendants state that the potential effects of

2   Bextra® were and are adequately described in its FDA-approved prescribing information,

3   which was at all times adequate and comported with applicable standards of care and law.

4   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5   the Complaint.

6   74.    Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

8   Defendants state that Bextra® was and is safe and effective when used in accordance with its

9   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

10  were and are adequately described in its FDA-approved prescribing information, which was at

11  all times adequate and comported with applicable standards of care and law.  Defendants deny

12  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

13  including all subparts.

14  75.    Defendants state that Bextra® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Bextra® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and

19  deny the remaining allegations in this paragraph of the Complaint.

20  76.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

22  Defendants state that Bextra® was and is safe and effective when used in accordance with its

23  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

24  were and are adequately described in its FDA-approved prescribing information, which was at

25  all times adequate and comported with applicable standards of care and law.  Defendants deny

26  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

27  77.    Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

78.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

79.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

81.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

82.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

83.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Products Liability – Failure to Warn**

84.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

85.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants deny the remaining allegations in this paragraph of the Complaint.

86.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

1    Complaint.

2    88.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

7    allegations in this paragraph of the Complaint.

8    89.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

10   Defendants state that Bextra® was and is safe and effective when used in accordance with its

11   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

12   were and are adequately described in its FDA-approved prescribing information, which was at

13   all times adequate and comported with applicable standards of care and law.  Defendants deny

14   any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the

15   remaining allegations in this paragraph of the Complaint.

16   90.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

17   damage, and deny the remaining allegations in this paragraph of the Complaint.

18                             **Response to Third Cause of Action:**

19            **Strict Products Liability – Defective Design or Manufacture**

20   91.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

21   Complaint as if fully set forth herein.

22   92.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

23   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

24   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

25   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

26   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

27   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

28   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1   effective when used in accordance with its FDA-approved prescribing information. Defendants

2   state that the potential effects of Bextra® were and are adequately described in its FDA-

3   approved prescribing information, which was at all times adequate and comported with

4   applicable standards of care and law. Defendants deny any wrongful conduct, deny that

5   Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this

6   paragraph of the Complaint.

7   93.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

9   by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

10  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

11  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

12  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

13  accordance with their approval by the FDA. Defendants admit that Bextra® was expected to

14  reach consumers without substantial change from the time of sale. Defendants deny remaining

15  the allegations in this paragraph of the Complaint.

16  94.    Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information. Defendants state that the potential effects of

18  Bextra® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

21  dangerous, and deny the remaining allegations in this paragraph of the Complaint.

22  95.    Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information. Defendants state that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

27  allegations in this paragraph of the Complaint.

28  96.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-23-

with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

97.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny remaining the allegations in this paragraph of the Complaint.

98.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

99.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

101.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

102.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

accordance with their approval by the FDA. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants deny the allegations in this paragraph of the Complaint.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

107.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### **Response to Fifth Cause of Action: Breach of Express Warranty**

111.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

112.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:08-cv-0947-CRB

Bextra®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

114.    Defendants deny the allegations in this paragraph of the Complaint.

115.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Common Law Fraud**

121.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

122.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

125.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

126.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.    To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action: Fraudulent Misrepresentation and Concealment**

132.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

133.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

135.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the Complaint.

136.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

137.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

138.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

139.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    paragraph of the Complaint.

2    143.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    144.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

10   Defendants state that Bextra® was and is safe and effective when used in accordance with its

11   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

12   were and are adequately described in its FDA-approved prescribing information, which was at

13   all times adequate and comported with applicable standards of care and law.  Defendants deny

14   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

15   145.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

16   damage, and deny the remaining allegations in this paragraph of the Complaint.

17   146.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

18   damage, and deny the remaining allegations in this paragraph of the Complaint.

19   147.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

20   damage, and deny the remaining allegations in this paragraph of the Complaint.

21                   **Response to Eighth Cause of Action: Unjust Enrichment**

22   148.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

23   Complaint as if fully set forth herein.

24   149.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

25   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

26   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

27   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

28   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-32-

be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

150.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

151.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

152.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

153.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**<u>Response to Ninth Cause of Action: New York G.B.L. § 349</u>**

155.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

156.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

157.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

158.    Defendants deny any wrongful conduct and deny the remaining allegations in this

ANSWER TO COMPLAINT – 3:08-cv-0947-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    paragraph of the Complaint.

2    159.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

4    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5    the Complaint.

6    160.    Defendants deny any wrongful conduct and deny the remaining allegations in this

7    paragraph of the Complaint.

8    161.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

9    damage, and deny the remaining allegations in this paragraph of the Complaint.

10    162.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

11    damage, and deny the remaining allegations in this paragraph of the Complaint.

12                              **Response to Prayer for Relief**

13          Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

14    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

15    and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

16                                          **III.**

17                                    **GENERAL DENIAL**

18          Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's

19    Complaint that have not been previously admitted, denied, or explained.

20                                          **IV.**

21                                  **AFFIRMATIVE DEFENSES**

22          Defendants reserve the right to rely upon any of the following or additional defenses to

23    claims asserted by Plaintiff to the extent that such defenses are supported by information

24    developed through discovery or evidence at trial.  Defendants affirmatively show that:

25                                    **First Defense**

26    1.    The Complaint fails to state a claim upon which relief can be granted.

27                                    **Second Defense**

28    2.    Bextra® is a prescription medical product.  The federal government has preempted the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.    Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants. Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixteenth Defense**

16.     If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.     Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.     Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.     Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.     Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23.     Plaintiff's claims are barred in whole or in part by the deference given to the primary

1  jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

2  issue under applicable federal laws, regulations, and rules.

3  **Twenty-fourth Defense**

4  24.    Plaintiff's claims are barred in whole or in part because there is no private right of

5  action concerning matters regulated by the Food and Drug Administration under applicable

6  federal laws, regulations, and rules.

7  **Twenty-fifth Defense**

8  25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate

9  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

10  of Comment j to Section 402A of the Restatement (Second) of Torts.

11  **Twenty-sixth Defense**

12  26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

13  because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

14  Restatement (Second) of Torts § 402A, Comment k.

15  **Twenty-seventh Defense**

16  27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

17  product at issue "provides net benefits for a class of patients" within the meaning of Comment f

18  to § 6 of the Restatement (Third) of Torts: Products Liability.

19  **Twenty-eighth Defense**

20  28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

21  Products Liability.

22  **Twenty-ninth Defense**

23  29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff failed to plead facts

24  sufficient under the law to justify an award of punitive damages.

25  **Thirtieth Defense**

26  30.    The imposition of punitive damages in this case would violate Defendants' rights to

27  procedural due process under the Fourteenth Amendment of the United States Constitution, the

28  Constitution of the State of Arkansas, and the Constitution of the State of California, and would

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   additionally violate Defendants' right to substantive due process under the Fourteenth

2   Amendment of the United States Constitution.

3                          **Thirty-first Defense**

4   31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

5   Fourteenth Amendments to the United States Constitution.

6                          **Thirty-second Defense**

7   32.    The imposition of punitive damages in this case would violate the First Amendment to

8   the United States Constitution.

9                          **Thirty-third Defense**

10  33.    Plaintiff's punitive damage claims are preempted by federal law.

11                         **Thirty-fourth Defense**

12  34.    In the event that reliance was placed upon Defendants' nonconformance to an express

13  representation, this action is barred as there was no reliance upon representations, if any, of

14  Defendants.

15                         **Thirty-fifth Defense**

16  35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance

17  to any express representation.

18                         **Thirty-sixth Defense**

19  36.    To the extent that Plaintiff's claims are based on a theory providing for liability without

20  proof of causation, the claims violate Defendants' rights under the United States Constitution.

21                         **Thirty-seventh Defense**

22  37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and

23  labeling with respect to the subject pharmaceutical products were not false or misleading and,

24  therefore, constitute protected commercial speech under the applicable provisions of the United

25  States Constitution.

26                         **Thirty-eighth Defense**

27  38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

28  caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Arkansas and California. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Fortieth Defense

2    40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

3    manufactured and labeled in accordance with the state-of-the-art industry standards existing at

4    the time of the sale.

5

### Forty-first Defense

6    41.    If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and

7    belief, such injuries and losses were caused by the actions of persons not having real or

8    apparent authority to take said actions on behalf of Defendants and over whom Defendants had

9    no control and for whom Defendants may not be held accountable.

10

### Forty-second Defense

11    42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

12    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

13    intended, and was distributed with adequate and sufficient warnings.

14

### Forty-third Defense

15    43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

16    waiver, and/or estoppel.

17

### Forty-fourth Defense

18    44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

19    pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

20    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

21    independent of or far removed from Defendants' conduct.

22

### Forty-fifth Defense

23    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

24    did not proximately cause injuries or damages to Plaintiff.

25

### Forty-sixth Defense

26    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

27    did not incur any ascertainable loss as a result of Defendants' conduct.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contend should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### Fiftieth Defense

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

### Fifty-second Defense

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

1    ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's

2    claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

3    FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

4    and with the specific determinations by FDA specifying the language that should be used in the

5    labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the

6    Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

7    United States.

### Fifty-fourth Defense

8

9    54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

10   required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

11

12   55.    Defendants state on information and belief that the Complaint and each purported cause

13   of action contained therein is barred by the statutes of limitations contained in California Code

14   of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

15   may apply.

### Fifty-sixth Defense

16

17   56.    Defendants state on information and belief that any injuries, losses, or damages suffered

18   by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

19   conduct of persons or entities other than Defendants.    Therefore, Plaintiff's recovery against

20   Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

21

22   57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

23   Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

24   Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

25   damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

26

27   58.    Plaintiff's fraud based claims, if any, are not stated with particularity as required by

28   Rule 9 of the Federal Rules of Civil Procedure and/or Rule 9 of the Arkansas Rules of Civil

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Procedure.

### Fifty-ninth Defense

59.    Plaintiff's damages, if any, must be reduced by the percentage of fault attributable to Plaintiff and to nonparties as provided by Ark. Code Ann. § 16-55-202.

### Sixtieth Defense

60.    Plaintiff's claims are barred and/or limited by the provisions of the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101, et seq.

### Sixty-first Defense

61.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201, et seq.

### Sixty-second Defense

62.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    March 26, 2008                              GORDON & REES LLP

2

3                                               By: : _____/s/_____

4                                                  Stuart M. Gordon
                                                   sgordon@gordonrees.com
5                                                  Embarcadero Center West
                                                   275 Battery Street, 20th Floor
6                                                  San Francisco, CA 94111
                                                   Telephone:  (415) 986-5900
7                                                  Fax:  (415) 986-8054

8    March 26, 2008                              TUCKER ELLIS & WEST LLP
9                                                .

10

11                                              By: : _____/s/_____

12                                                 Michael C. Zellers
                                                   michael.zellers@tuckerellis.com
13                                                 515 South Flower Street, Suite 4200
                                                   Los Angeles, CA  90071-2223
14                                                 Telephone:  (213) 430-3400
                                                   Fax:  (213) 430-3409

15                                                 Attorneys for Defendants
                                                   PFIZER INC., PHARMACIA
16                                                 CORPORATION, AND G.D. SEARLE
                                                   LLC
17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2     Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  March 26, 2008                          GORDON & REES LLP

6

7                                          By: :_____/s/_____

8                                          Stuart M. Gordon
9                                          sgordon@gordonrees.com
                                           Embarcadero Center West
10                                         275 Battery Street, 20th Floor
                                           San Francisco, CA  94111
11                                         Telephone:  (415) 986-5900
                                           Fax:  (415) 986-8054

12

13 March 26, 2008                          TUCKER ELLIS & WEST LLP

14

15                                         By: :_____/s/_____

16                                         Michael C. Zellers
                                           michael.zellers@tuckerellis.com
17                                         515 South Flower Street, Suite 4200
                                           Los Angeles, CA 90071-2223
                                           Telephone:  (213) 430-3400
18                                         Fax:  (213) 430-3409

19                                         Attorneys for Defendants
20                                         PFIZER INC., PHARMACIA
                                           CORPORATION, AND G.D. SEARLE
21                                         LLC

22

23

24

25

26

27

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-46-